department, entered January 9, 1925, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The New York Dock Company sued the defendants for an injury to its wharf caused by the impact of the steamship *Carolina* while being docked with the assistance of two tugboats. Defendant, appellant, Howland Towing and Transportation Company, Inc., was the owner of one tugboat. The owners of the other tugboat and the owner of the steamship were joined as parties defendant. The referee found that the injury complained of was due entirely to negligence in the navigation of appellant's tug *Howland.* Appellant contended that the captain of the *Howland* was not acting as the servant of her owner at the time of the damage in question, but was specially employed on behalf of the party in whose work he was engaged.

*I. Maurice Wormser, William J. Martin* and *George V. A. McCloskey* for appellant.

*Martin A. Schenck, Charles E. Hotchkiss* and *Alexander J. Feild* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PHILIP FREEBOLD, Appellant, *v.* TOWN OF GLEN, Respondent.

*Negligence — towns — highways — bridges — fall of bridge while being crossed by motor truck loaded with gravel — action to recover for injury to motor truck and to driver — contributory negligence.*

*Freebold* v. *Town of Glen,* 211 App. Div. 249, affirmed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1925, reversing a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries and for injury to property alleged to have been sustained through the negligence of defendant. Plaintiff

drove his motor truck loaded with gravel across a bridge in the town of Glen, the bridge gave way, his truck and he were precipitated to the bed of the stream and he suffered the injuries complained of. There was evidence tending to show that he had been warned that the bridge was unsafe for a heavy load.

*Edward L. Robertson* for appellant.

*Christopher J. Heffernan* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts, on opinion of VAN KIRK, J., below.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: HISCOCK, Ch. J.

---

THOMAS DWYER, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Contract — action for breach of contract whereby plaintiff was to erect elevated railroad stations — failure of defendant to complete preliminary structure on which stations were to be placed.*

*Dwyer* v. *Interborough R. T. Co.*, 209 App. Div. 807, affirmed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 9, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for breach of contract, by the terms of which plaintiff agreed to erect three stations on the Webster avenue elevated railroad of defendant within five months after notice from defendant's engineer to commence work. On January 9, 1918, plaintiff received the said notice but defendant failed to erect the steel structure on which the stations were to be placed and at no time during the five months following said notice was such structure erected so that plaintiff could build the stations as provided in the contract.

*Henry J. Smith, Frederick G. Watson* and *James L. Quackenbush* for appellant.

*M. Carl Levine* for respondent.